UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERSON PARISH FIREFIGHTERS ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2139** |
| **LOUISIANA BOARD OF ETHICS, ET AL.** | **SECTION: D(2)** |

ORDER AND REASONS

Before the Court is a Motion to Stay Order Pending Appeal filed by Defendants LaKoshia R. Roberts, Jose I. Lavastida, Anne P. Banos, Camille R. Bryant, Paul Harvey Colomb, Sarah S. Couvillon, Mark A. Ellis, Robert W. Grand, William D. Grimley, Jacqueline A. Scott, and Alfred W. Speer, all in their official capacities as Board Members of the Louisiana Board of Ethics (collectively, the "Board Members").[1] Plaintiff Jefferson Parish Firefighters Association (the "Union") opposes the Motion.[2] The Board Members filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

I. **FACTUAL BACKGROUND**[4]

The Louisiana Civil Service Law requires that municipalities, parishes, and fire protection districts establish a Civil Service Board, which is to be responsible for addressing issues among firefighters, emergency responders, and law enforcement and their employers.[5] On March 8, 2024, the Louisiana Ethics Board issued a declaratory opinion

---

[1] R. Doc. 44.
[2] R. Doc. 50.
[3] R. Doc. 51.
[4] The Court has previously provided a detailed factual background of this matter. R. Doc. 40 at 2-5. Therefore, the Court details only those facts relevant to the disposition of the instant Motion.
[5] R. Doc. 1 at ¶¶ 4, 23 (citing La. R.S. § 33:2536(A)).

(the "Declaratory Opinion") stating that the Union, a labor organization for firefighters, which has historically paid for its members' legal representation in proceedings before the Civil Service Board, is prohibited from paying attorneys to represent Union members before the Civil Service Board while a Union trustee or officer is a member of the Civil Service Board.[6] The Union appealed the Declaratory Opinion to Louisiana's First Circuit Court of Appeal on April 10, 2024, and that appeal remains pending.[7]

On August 29, 2024, the Union filed this lawsuit in this Court, arguing that Defendants' conduct constitutes a violation of the Union's rights pursuant to the First and Fourteenth Amendments to the United States Constitution.[8] The following day, the Union filed a Motion for Preliminary Injunction seeking to enjoin the Declaratory Opinion.[9] During the briefing on the Motion for Preliminary Injunction, Defendants filed a Consolidated Motion to Dismiss and Motion to Stay Under *Pullman* Abstention.[10] In short, Defendants argued that the Union's claims are barred by sovereign immunity or, alternatively, should be stayed under the *Younger* and *Pullman* abstention doctrines.[11] In the event the Union's claims survive those attacks, Defendants argued, the Union's claims fail on the merits because the State has a compelling interest in maintaining ethical government operations.[12]

---

[6] *Id.* at ¶¶ 4, 8.
[7] R. Doc. 22–6. Louisiana law allows an order by the Board of Ethics to be appealed to Louisiana's First Circuit Court of Appeal. LA. R.S. § 42:1142.
[8] R. Doc. 1 at ¶ 54. The Union also raises a claim for "Injunctive Relief." *Id.* at ¶ 61. But as Defendants point out, injunctive relief is not an independent claim.
[9] R. Doc. 4.
[10] R. Doc. 22.
[11] R. Doc. 22-1 at 10-14.
[12] *Id.* at 14-20.

On March 7, 2025, the Court held oral argument as to both Motions,[13] and on April 15, 2025, the Court issued an Order and Reasons granting in part and denying in part Defendants' Consolidated Motion to Dismiss and Motion to Stay Under *Pullman* Abstention.[14]  The Court found that the Union's claims against the Ethics Board itself are barred by sovereign immunity and dismissed those claims for lack of subject matter jurisdiction.[15]  The Court denied the Motion in its entirety as to the Union's claims against the Board Members themselves.[16]  Finally, the Court found that the Union had successfully met all of the requisite prongs under the preliminary injunction analysis, and the Court granted the Union's Motion for Preliminary Injunction and issued an order enjoining the Board Members from enforcing the March 8, 2024 Declaratory Opinion as applied to the Union.[17]

On May 15, 2025, the Board Members filed a Notice of Appeal,[18] as well as a Motion to Stay Order Pending Appeal.[19]  In their Motion, the Board Members argue that they are likely to succeed on appeal because this case is a strong candidate for dismissal or a stay under the *Pullman* and/or *Younger* abstention doctrines and because the Union is unlikely to prevail on the merits of its First Amendment claim.[20]  The Board Members ask the Court to "grant a stay of its preliminary-injunction order pending appeal" and ask that "[i]f the

---

[13] R. Doc. 37.
[14] R. Doc. 40.
[15] *Id.* at 12-17.
[16] *Id.* at 38-39.
[17] *Id.* at 39.
[18] R. Doc. 43.
[19] R. Doc. 44.
[20] R. Doc. 44-1 at 3-5.

3

Court is not so inclined," that the Court issue "a prompt denial so that it may seek relief from the appellate court."[21]

In its opposition, the Union argues Defendants are re-litigating the same arguments they advanced in their initial briefs and at oral argument and the Court should "reject Defendants' attempt at a second bite of the apple."[22] The Union further contends that that none of the relevant factors weigh in favor of staying the injunction. The Union first argues that the "balance of equities—irreparable injury to the movant absent stay, substantial injury to other interested parties should a stay be granted, and the public interest—weigh decidedly against granting a stay."[23] The Union argues that a stay will irreparably harm it as it will be unable to exercise its First Amendment right to provide an attorney for its members appearing before the Civil Service Board.[24] The Board Members, the Union argues, will face no similar harm from "a preliminary injunction precluding the enforcement of an unconstitutional declaratory opinion."[25] The Union further argues that the public interest weighs against granting a stay because the public interest is not advanced by

---

[21] *Id.* at 5. On April 27, 2025, the Board Members filed a parallel, albeit more robust, Motion to Stay Pending Appeal in the Fifth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(1). *See Local 1374, Jefferson Parish v. Roberts,* No. 25-CV-30305 (5th Cir.). Rule 8(a)(1) requires that a party seeking a stay pending appeal must move first in the district court. Such a motion may be made to the court of appeals if the moving party shows that a motion has been made in the district court and the district court denied the motion or failed to afford the relief requested. *Id.* at (a)(2)((A)(i)-(ii). The Court notes that while the Board Members filed the instant Motion on April 15, 2025, approximately twelve days prior to the date it filed its parallel motion before the Fifth Circuit, the Board Members noticed the instant Motion for submission on July 8, 2025. *See* R. Doc. 44-2. During a May 28, 2025 status conference, the Court inquired why the Board Members had not chosen an earlier submission date, and counsel for the Board Members indicated that they believed July 8, 2025 to be the Court's earliest submission date. The Court notified counsel that they were incorrect and that even if July 8, 2025 had been the Court's earliest submission date, the Board Members could have filed a motion for expedited consideration. The Court then *sua sponte* expedited the briefing schedule and reset the submission date for June 9, 2025.
[22] R. Doc. 50 at 5.
[23] *Id.* at 7.
[24] *Id.* at 7-8.
[25] *Id.* at 7.

allowing unconstitutional laws to take or remain in effect.[26] Second, the Union argues that the Board Members fail to show that they will succeed on appeal and simply rehash the same arguments that this Court rejected in denying the Board Members' Consolidated Motion to Dismiss and Motion to Stay Under *Pullman* Abstention.[27] The Union contends that Defendants have not shown that they are substantially likely to succeed.[28]

II.   LAW AND ANALYSIS

Motions to stay proceedings pending an interlocutory appeal are made pursuant to Federal Rule of Civil Procedure 62. Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."[29]

"The factors to be considered in deciding whether to stay an order pending appeal are 'virtually the same' as the factors used by a court in deciding whether to issue a preliminary injunction."[30] The relevant factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[31] "The

---

[26] *Id.* at 8.
[27] *Id.*
[28] *Id.*
[29] FED. R. CIV. P. 62(c).
[30] *Monumental Task Comm., Inc. v. Foxx*, No. 15-CV-6905, 2016 WL 430450, at *1 (E.D. La. Feb. 4, 2016).
[31] *Hilton v. Braunskill*, 481 U.S. 770, 776 (2009).

allowing unconstitutional laws to take or remain in effect.[26] Second, the Union argues that the Board Members fail to show that they will succeed on appeal and simply rehash the same arguments that this Court rejected in denying the Board Members' Consolidated Motion to Dismiss and Motion to Stay Under *Pullman* Abstention.[27] The Union contends that Defendants have not shown that they are substantially likely to succeed.[28]

II.   LAW AND ANALYSIS

Motions to stay proceedings pending an interlocutory appeal are made pursuant to Federal Rule of Civil Procedure 62. Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."[29]

"The factors to be considered in deciding whether to stay an order pending appeal are 'virtually the same' as the factors used by a court in deciding whether to issue a preliminary injunction."[30] The relevant factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[31] "The

---

[26] *Id.* at 8.
[27] *Id.*
[28] *Id.*
[29] FED. R. CIV. P. 62(c).
[30] *Monumental Task Comm., Inc. v. Foxx*, No. 15-CV-6905, 2016 WL 430450, at *1 (E.D. La. Feb. 4, 2016).
[31] *Hilton v. Braunskill*, 481 U.S. 770, 776 (2009).

first two factors of the traditional standard are the most critical."[32] The moving party bears the burden of showing that a stay is warranted.[33]

The Court does not find that any of the relevant factors weigh in favor of granting a stay. The first factor—the only factor the Board Members address—requires the Board Members to "make 'a strong showing that [they] are likely to succeed on the merits.'"[34] The Board Members argue that they will succeed on *Pullman* grounds because the question of whether the state statute on which the declaratory judgment is based prohibits a Union trustee from simultaneously adjudicating employment disputes involving Union-funded counsel "is the very question currently pending before the Louisiana First Circuit in the Union's direct appeal of the Board's declaratory opinion."[35] The Board Members likewise argue that *Younger* abstention is appropriate because "state ethics enforcement proceedings . . . are 'judicial in nature' and fall squarely within *Younger*'s domain."[36] Finally, the Board Members argue that they are likely to succeed on their Rule 12(b)(6) attack because the State's compelling state interest in ensuring Civil Service Board proceedings are free from conflicts of interest defeats the Union's First Amendment claim.[37] These are precisely the arguments that the Board Members raised in their Consolidated Motion to Dismiss and Motion to Stay Under *Pullman* Abstention and that the Court rejected in ruling on the Motion. The Board Members have offered no new grounds for success on the merits, and the Court maintains that the law compels the conclusions reached in its Order and Reasons.

---

[32] *Nken v. Holder*, 556 U.S. 418, 434 (2009).
[33] *Patino v. City of Pasadena*, 677 F. App'x 950, 951 (5th Cir. 2017) (citing *Nken*, 556 U.S. at 433-34).
[34] *Moore*, 507 F. App'x at 392-93 (quoting *Hilton*, 481 U.S. at 776).
[35] R. Doc. 44-1 at 3.
[36] *Id.* at 4.
[37] *Id.* at 4-5.

6

Nor have the Board Members met their burden as to the remaining factors. The Board Members have not addressed the equities in the context of a stay pending appeal, and the Court cannot see any reason why a finding as to the equities in this context would meaningfully differ from the Court's analysis as to the equities in the preliminary injunction context. Indeed, the Union will be substantially harmed if the injunction is stayed during the pendency of the appeal. "It has long been recognized that 'the loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury.'"[38] And "any harm to the Board Members . . . is . . . undercut because '"injunctions protecting First Amendment freedoms are always in the public interest,' and the 'government's interest is the public interest.'"[39] As the Court explained in ruling on the Union's Motion for Preliminary Injunction, the equities plainly favor an injunction, and for the same reasons, they weigh against a stay in this context.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Stay Order Pending Appeal is **DENIED**.

New Orleans, Louisiana, June 20, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[38] R. Doc. 40 at 37 (quoting *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (2012)) (brackets omitted).
[39] *Id.* at 38 (quoting *Opulent Life Church*, 697 F.3d at 298) (brackets omitted).